## STATE OF CONNECTICUT *v.* LUIS ROJAS
### (AC 30590)

Bishop, Gruendel and West, Js.

Argued September 7—officially released November 2, 2010

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Melissa L. Streeto*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Anthony Bochicchio*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Luis Rojas, appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and burglary in the third degree in violation of General Statutes § 53a-103. On appeal, the defendant claims that the trial court failed to make an adequate inquiry into allegations that there

was no meaningful communication between the defendant and his trial counsel and that the attorney-client relationship had broken down irretrievably. We affirm the judgment of the trial court.

The procedural facts underlying the defendant's claim predate the trial. On July 31, 2007, the trial court appointed the public defender to represent the defendant. Subsequently, on August 2, 2007, special public defender Richard E. Cohen entered his appearance with the court as counsel for the defendant. On November 16, 2007, Cohen filed a motion to withdraw appearance, citing mistrust by the defendant caused by disagreements over trial strategy, a lack of meaningful communication between the defendant and himself and his belief that the attorney-client relationship was broken irretrievably. The motion included the following assertion by Cohen: "I believe that the absence of an ongoing attorney-client relationship poses a direct and material threat to the defendant."

The record reflects that at a hearing on Cohen's motion on January 24, 2008, the court, *Gold, J.*, was aware that the defendant desired the appointment of a new public defender, and the court gave the defendant an opportunity to verbalize his complaints regarding Cohen's handling of his case.[1] The defendant's complaints can be summarized as follows: Cohen was too

---

[1] The transcript states in relevant part:

"The Court: . . . [Y]ou have a special public defender; Mr. Cohen, is representing you. You're asking me to appoint a different special public defender to represent you, and I'm not inclined to do that. Mr. Cohen has handled your case competently, professionally, has been responsible in his representation of you.

"You are not entitled to handpick who your special public defender is going to be. If you wish to hire your own attorney, privately, then you can hire whomever you wish, but Mr. Cohen has done a good job in representing you. You may not like the information he's giving you, but he's done a good job, and you can't decide who your special public defender is going to be.

"The Defendant: He's too young. I'm not trying to handpick no one.

"The Court: Well, you don't want—well, Mr. Cohen is the lawyer that's been appointed to represent you.

"The Defendant: May I address the court, please?

"The Court: Yes.

"The Defendant: I'm not trying to handpick a lawyer, but the reason I filed a motion to remove him from my case—

"The Court: Yes.

"[The Defendant]:—is for one, he—I know, and I'm sure you know as well as my attorney knows, Mr. Cohen, that to have my papers is my right to have my papers. For one, he—he refused me—he refused to give me my paperwork so I could look over my case, for one.

"The Court: Okay.

"The Defendant:—For two, I feel as though he violated every rule in the lawyer relationship client rules under chapter 37, Your Honor, which is [communication, diligence], good scope of representation. By denying me my paperwork and denying me the fact—I asked him, could he, please, file—I asked him when would be my first pretrial motion, my first pretrial conference. He told me December 5. I said, could you, please, have pretrial motions filed and ready for me. And it's because I will—I'm not—I mean, if I have to sit until trial to do—to go to—to get this done now and fight this case, well, I'll do so, but—

"The Court: All right.

"The Defendant:—pretrial motions is to be filed—excuse me. Could I finish?

"The Court: Yes, but—

"The Defendant: Pretrial motions is to be filed within the first ten days after the first pretrial conference. He tried to tell me he's not going to do that. He don't do that for me. He don't want to send me my paperwork. I can't—I don't trust this guy. This guy—I don't—I don't—I don't trust him. If I have—I'll take my life into my own hands and try this case myself. He's not doing nothing for me. Come on. He's not doing nothing for me, and I would like to put this on record.

"The Court: You've done it.

"The Defendant: That this guy—Mr. Cohen is not doing nothing for me. He's denying my—

"The Court: Okay. All right. . . . [C]alm down.

"The Defendant:—paperwork. He violated my rights.

"The Court: I understand what you say. Now, it's all of record. I assume, Mr. Cohen, that you will provide [the defendant] any materials to which he's entitled.

"[Defense Counsel]: I already have done that, Your Honor. I did send him the—all the relevant police reports. Everything I had, in other words, I sent to him.

"The Court: And as far as pretrial motions are concerned . . .

"The Defendant: I don't want this guy on my case.

"The Court: Okay.

"The Defendant: I don't want this guy on my case. I don't want this guy on my case, man.

"The Court: All right. . . .

"The Defendant: I want my lawyer to represent me. He not doing nothing for me, man.

young; Cohen refused to give him his paperwork; and Cohen would not file pretrial motions proposed by the defendant. In response to the defendant's concerns, the court verified with Cohen that the defendant had received copies of all materials to which he was entitled. During the discussion, the defendant became belligerent and was removed from the courtroom.

The matter was continued on February 4, 2008, at which time Cohen confirmed that he and the defendant disagreed about which motions were appropriate to file. Cohen stated, for example, that the defendant insisted that discovery motions be filed even though Cohen deemed them unnecessary because the prosecutor's file was open to the defense. In response to Cohen's assertion, the defendant expressed doubt that he had seen all of the documents held by the prosecutor because, in his estimation, the documents he had seen did not provide sufficient grounds for an arrest warrant to have issued. After hearing from both the defendant and Cohen, the court denied Cohen's motion to withdraw his appearance, expressing faith that they would cooperate, and the court set a date for a final pretrial hearing.[2]

---

"The Court: All right. Thank you . . . .

"The Defendant: You're not representing me, man.

"(The defendant leaves the courtroom.)"

[2] The next matter of procedural import was three handwritten pro se motions filed by the defendant and captioned as follows: "motion and request for discovery" and "motion to suppress evidence," both filed on February 13, 2008, and "motion to remove insufficient counsel," filed on March 11, 2008. The record does not reveal the disposition of these three motions. However, at a proceeding on April 4, 2008, the court explained that the discovery motion was unnecessary because the state's file was open to the defense. The court also noted, "You want Mr. Cohen to file . . . a motion to suppress the witnesses' statements. Okay. There's no such thing." Additionally, the court stated on April 4, 2008, that it had discussed the defendant's "motion to remove insufficient counsel" with him on March 11, 2008. If, indeed, there was a court appearance on that day involving this matter, the transcript has not been provided to us.

The defendant and Cohen next appeared on April 4, 2008, when the defendant alleged that there was no attorney-client communication and that Cohen was not acting in the defendant's best interest, citing Cohen's previous motion to withdraw as evidence of this belief.[3] He also repeated his complaints that Cohen had refused to file motions proposed by the defendant and failed to provide him with the entire file. The court addressed the defendant's complaints, noting that "we've been stuck in this holding pattern," and concluded that Cohen had "done everything that he's supposed to do and more." The defendant then repeated his request for new counsel, which the court denied.[4]

After a jury trial, during which he was represented by Cohen, the defendant was found guilty and sentenced to twenty-five years in prison, execution suspended after

[3] The transcript of April 4, 2008, reveals that the court addressed these allegations as follows:

"The Court: All right. Well . . . the reason Mr. Cohen filed a motion [to withdraw] was because you told him to do it. He's not—the situation you're in is this. You are entitled to court-appointed counsel, and the court has appointed Mr. Cohen to represent you. As I told you, if you want to hire your own lawyer, you can hire anyone that you like, and Mr. Cohen will withdraw from the case, but you are not entitled to handpick your court-appointed counsel.

"And you keep telling me that Mr. Cohen isn't doing anything for you, and Mr. Cohen comes and sees me in chambers every few weeks fighting for you, getting the discovery, trying to persuade the prosecutor to conduct a fuller investigation.

"You tell—we talked about it again this morning. You want Mr. Cohen to file, among other things, a motion to suppress the witnesses' statements. Okay. There's no such thing. You come up with ideas. You don't have legal training. Mr. Cohen is a lawyer who specializes in criminal law, who knows all the rules, knows how to try a case and prepare a case for trial. You give him unreasonable requests. He says, I can't do that . . . . And then you say he's not doing his job. It doesn't work like that. If you want to hire another lawyer, well, that's fine."

[4] At the end of this proceeding on April 4, 2008, the court allowed the defendant to file several handwritten pro se motions, captioned as follows: "motion and request for discovery" (two copies), "motion to suppress evidence," and "motion for dismissal" of the charges against him. The record does not reveal the disposition of these three motions.

twenty years, with five years of probation. This appeal followed.

The defendant claims on appeal that the court failed to make an adequate inquiry into allegations that there was no meaningful communication between the defendant and Cohen and that the attorney-client relationship had broken down irretrievably. We are not persuaded.

The sixth amendment to the United States constitution guarantees effective assistance of counsel to a criminal defendant. Consequently, "[a] trial court has a responsibility to inquire into and to evaluate carefully all substantial complaints concerning court-appointed counsel . . . . The extent of that inquiry, however, lies within the discretion of the trial court. . . . A trial court does not abuse its discretion by failing to make further inquiry where the [defendant] has already had an adequate opportunity to inform the trial court of his complaints." (Internal quotation marks omitted.) *In re Jeremy M.*, 100 Conn. App. 436, 456, 918 A.2d 944, cert. denied, 282 Conn. 927, 926 A.2d 666 (2007).

In the present case, the defendant does not argue that the court made no inquiry into his complaints about Cohen. Instead, he argues that the inquiry was inadequate because the court did not inquire directly into the allegations listed in Cohen's motion to withdraw, namely, that a lack of communication and an irretrievably broken down attorney-client relationship posed a threat to the defendant. The court, however, gave the defendant ample opportunity to put his complaints on the record. See, e.g., *State* v. *Arroyo*, 284 Conn. 597, 644–45, 935 A.2d 975 (2007). On several occasions, the court allowed the defendant to voice his displeasure with Cohen's services and to articulate his basis for that displeasure, which was that the defendant mistrusted

Cohen and his trial strategies.[5] Furthermore, the court addressed the defendant's complaints, revealing the court's thorough understanding of them. In response to the defendant's stated grievances, the court attempted to explain motions practice to the defendant and attempted to assure the defendant of Cohen's trustworthiness. The court also confirmed with Cohen that he would prioritize the defendant's trial in terms of his own upcoming schedule of obligations. In short, the court was aware of the nature and scope of the defendant's complaints not only from motions filed with the court but also by reason of the opportunity given by the court to the defendant and Cohen to articulate and to explore the defendant's concerns fully. Accordingly, the court did not abuse its discretion by not enlarging its inquiry any further.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Although the question of whether the court should have appointed alternate counsel is not before us, we note that "[d]ifferences of opinion over trial strategy are not unknown, and do not necessarily compel the appointment of new counsel." (Internal quotation marks omitted.) *In re Jeremy M.*, supra, 100 Conn. App. 458 n.11. Additionally, "[a] defendant is not entitled to demand a reassignment of counsel simply on the basis of a breakdown in communication which he himself induced." (Internal quotation marks omitted.) *State* v. *Robinson*, 227 Conn. 711, 727, 631 A.2d 288 (1993). "Although the constitution guarantees a defendant counsel that is effective, it does not guarantee counsel whom a defendant will like." *State* v. *Arroyo*, supra, 284 Conn. 645.