PELLEGRINO, J.
*695 Following a grant of certification to appeal, the petitioner, Luis Rojas, appeals from the judgment of the habeas court denying his amended petition for writ of habeas corpus. The petitioner claims that the habeas court erred by not concluding that his trial counsel was ineffective for failing to negotiate a plea bargain on his behalf, and by not concluding that the petitioner was prejudiced by his trial counsel's failure to properly investigate his case. We affirm the judgment of the habeas court.
In 2008, the petitioner was convicted, following a jury trial, of robbery in the *711 first degree in violation of General Statutes § 53a-134(a)(4), burglary in the third degree in violation of General Statutes § 53a-103, and kidnapping in the first degree in violation of General Statutes § 53a-92(a)(2)(B). Thereafter, the trial court vacated the petitioner's kidnapping conviction and sentenced him on the remaining charges to a total effective term of twenty-five years in the custody of the respondent, the Commissioner of Correction, execution suspended after twenty years, and five years of probation. The petitioner appealed and this court affirmed his conviction. State v. Rojas , 124 Conn.App. 745, 6 A.3d 155, cert. denied, 299 Conn. 921, 10 A.3d 1054 (2010).
The following underlying facts and procedural history are relevant to the petitioner's claim. On July 31, 2007, the trial court appointed the public defender's office to represent the petitioner. Id., at 747, 6 A.3d 155. Subsequently, on August 2, 2007, Special Public Defender Richard E. Cohen entered his appearance with the court as counsel for the petitioner. Id. On November 16, 2007, Cohen filed a motion to withdraw appearance, citing mistrust by the petitioner caused by disagreements over trial *696 strategy, a lack of meaningful communication with the petitioner, and his belief that the attorney-client relationship was broken irretrievably. Id. After a hearing, the court denied Cohen's motion. Id., at 749, 6 A.3d 155.
The petitioner appealed from his conviction, claiming that the trial court failed to make an adequate inquiry into the allegations that there was no meaningful communication with his trial counsel and that their attorney-client relationship had broken down irretrievably. Id., at 751, 6 A.3d 155. This court concluded, "the [trial] court was aware of the nature and scope of the [petitioner's] complaints .... Accordingly, the court did not abuse its discretion by not enlarging its inquiry any further." Id., at 752, 6 A.3d 155.
After this court affirmed his conviction, the petitioner filed a two count amended petition for writ of habeas corpus. In count one, the petitioner claimed ineffective assistance of counsel, alleging that his counsel failed to pursue plea negotiations with the state on his behalf and to properly investigate his case, and he made several other allegations that are not at issue in this appeal. In count two, the petitioner claimed prosecutorial impropriety. The petitioner proceeded to trial on count one only.
After a one day trial held on May 25, 2012, the habeas court denied the petition in an oral decision from the bench. The court found that Cohen had failed to conduct any independent investigation of the petitioner's case, and failed to contact any witnesses other than one witness who testified for the prosecution. Additionally, the court found that "[the petitioner] was simply a difficult person who was unhappy with his representation," and that "he did everything he could to make things difficult." The court found that Cohen's performance was deficient for failing to conduct a proper investigation of the petitioner's case, but that his performance was not deficient for failing to pursue plea negotiations with the state on behalf of the petitioner. The *697 court ultimately concluded, however, that despite any deficient performance, there was nothing that Cohen did or failed to do that was prejudicial to the petitioner. On June 25, 2012, the habeas court granted the petitioner's petition for certification to appeal. This appeal followed. Additional facts will be set forth as necessary.
We begin by setting forth our general standard of review. "A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at *712 all critical stages of criminal proceedings. ... This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. ... As enunciated in Strickland v. Washington , [466 U.S. 668, 686-87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ], [our Supreme Court] has stated: It is axiomatic that the right to counsel is the right to the effective assistance of counsel. ... A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. ... The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) Spearman v. Commissioner of Correction , 164 Conn.App. 530, 538, 138 A.3d 378, cert. denied, 321 Conn. 923, 138 A.3d 284 (2016).
"[According to] Strickland , [an ineffective assistance of counsel] claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Emphasis in original; internal quotation marks omitted.) Hall v. Commissioner of Correction , 124 Conn.App. 778, 782, 6 A.3d 827 (2010), cert. denied, 299 Conn. 928, 12 A.3d 571 (2011).
"In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the *698 petitioner's failure to prove either is fatal to a habeas petition." (Internal quotation marks omitted.) Delvecchio v. Commissioner of Correction , 149 Conn.App. 494, 500, 88 A.3d 610, cert. denied, 312 Conn. 904, 91 A.3d 906 (2014). "To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) Banks v. Commissioner of Correction , 147 Conn.App. 331, 338-39, 82 A.3d 658 (2013), cert. denied, 311 Conn. 916, 84 A.3d 883 (2014).
As to the performance prong, "[i]t is well established that when analyzing a claim of ineffective assistance, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) Sanders v. Commissioner of Correction , 83 Conn.App. 543, 551, 851 A.2d 313, cert. denied, 271 Conn. 914, 859 A.2d 569 (2004).
The facts found by the habeas court regarding trial counsel's representation of the petitioner will not be disturbed absent a showing that they were clearly erroneous. Banks v. Commissioner of Correction , supra, 147 Conn.App. at 338, 82 A.3d 658. The court's ultimate determination as to whether these findings satisfy the legal standard for ineffective assistance of counsel, however, is subject to plenary review. Id.
I
We first address the petitioner's claim that the habeas court erred by finding that his trial counsel did not render ineffective assistance by failing to pursue plea negotiations on his behalf. We do not agree.
The habeas court found that trial counsel's representation of the petitioner was not deficient with respect *699 to counsel's failure to pursue plea negotiations with the state on behalf of the petitioner. The court also found that the petitioner was not prejudiced by his trial counsel's performance. Specifically, the court found that the petitioner did not wish to engage in pretrial *713 discussions with the state regarding a plea deal. The court succinctly stated: "It's clear from the transcripts. It was clear from [the petitioner's] testimony and demeanor here today; he was not interested at the beginning, middle, or end of his case [in] considering any pretrial offers. He wanted a trial." The petitioner presented no evidence at the habeas trial that he was, at any time, interested in a plea offer from the state. When testifying on this matter, the petitioner admitted, "I always said that I wasn't willing to take nothing [be]cause I was innocent of the crime and I wasn't trying to cop out to no time for a crime I didn't commit."
On appeal, the petitioner argues that, despite his insistence on going to trial, his counsel had a duty to engage in pretrial plea negotiations with the prosecution. By failing to uphold this duty, the petitioner argues, his trial counsel's performance fell below an objective standard of reasonableness. The petitioner has cited to no case law in support of the proposition that defense counsel has an affirmative duty to engage in pretrial plea negotiations when his or her client has explicitly demanded to go to trial. The petitioner has also failed to point to any case law finding deficient performance by defense counsel at the plea negotiation stage where no plea offer was ever made by the prosecution.[1] Moreover, the petitioner has further failed to show that his *700 counsel's failure to pursue plea negotiations caused him any prejudice.[2] Accordingly, the habeas court's conclusion that the petitioner's counsel was not ineffective for failing to pursue pretrial plea negotiations on the petitioner's behalf was properly reached. Therefore, the petitioner's first claim fails.
II
The petitioner also claims that the habeas court erred in determining that he was not prejudiced by his counsel's failure to properly investigate his case. Specifically, the petitioner argues that the habeas court's determination that there was no *714 evidence to support a finding of prejudice was erroneous, because the court should have credited the petitioner's testimony regarding prejudice caused by his counsel's failure to contact potential defense witnesses. We agree with the habeas court that the petitioner failed to prove that he suffered prejudice as a result of his attorney's deficient performance. *701 In analyzing a claim of ineffective assistance of counsel, the goal "is not to grade counsel's performance. If it is easier to dispose of an effectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." (Internal quotation marks omitted.) Smith v. Commissioner of Correction , 141 Conn.App. 626, 632, 62 A.3d 554, cert. denied, 308 Conn. 947, 67 A.3d 290 (2013). In the present case, the habeas court found that the petitioner presented no credible evidence to demonstrate that he was prejudiced by his counsel's performance. There was no evidence that his counsel's failure to interview certain potential defense witnesses would have changed the outcome of his trial. In particular, the petitioner failed to have any potential witness testify at his habeas trial, and therefore offered no proof of any testimony that could have benefitted him during the criminal trial. Although the petitioner asserts that the habeas court was required to credit his testimony as proof of prejudice, the habeas court was under no requirement to do so. See Lane v. Commissioner of Correction , 129 Conn.App. 593, 599, 20 A.3d 1265 (habeas court, as trier of fact and sole arbiter of credibility of witnesses, was entitled to discredit petitioner's self-serving testimony), cert. denied, 302 Conn. 915, 27 A.3d 368 (2011). Because the petitioner was unable to show that he was prejudiced by his counsel's performance, the habeas court did not err in determining that the petitioner's right to the effective assistance of counsel was not violated.
The judgment is affirmed.
In this opinion the other judges concurred.

We are aware of existing cases in which trial counsel failed to inform a client of a plea offer made by the prosecution, as well as cases in which trial counsel failed to properly advise a client regarding a plea offer made by the state. See, e.g., Missouri v. Frye, 566 U.S. 133, 145, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) (defense counsel has duty to communicate formal offers from prosecution to accept plea on terms and conditions that may be favorable to accused); Lafler v. Cooper, 566 U.S. 156, 174, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) (defense counsel ineffective for improperly advising defendant to reject plea that would have resulted in a three and one-half times lesser sentence than what defendant received after trial); Barlow v. Commissioner of Correction, 150 Conn.App. 781, 796-97, 93 A.3d 165 (2014) (counsel ineffective for failing to render any advice whatsoever to defendant regarding formal plea offer made by state). The present case is distinguishable, however, because the petitioner insisted on taking his case to trial, and no plea offer was ever made by the prosecution.

The standard for prejudice where defense counsel's ineffective assistance causes the defendant to improperly reject a favorable plea offer was enumerated by the United States Supreme Court in Lafler v. Cooper, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). Under the three part test set forth in that case, a defendant must show "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id., at 164, 132 S.Ct. 1376. Here, due to the petitioner's insistence that his case be taken to trial, no plea offer was ever made by the prosecution. As a result, the petitioner cannot show prejudice under any prong of the three part test.