## BERNARD BEWRY *v.* COMMISSIONER OF CORRECTION
### (AC 30505)

Flynn, C. J., and Robinson and Alvord, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued February 8—officially released May 18, 2010

*Michael Zariphes*, special public defender, for the appellant (petitioner).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Bernard Bewry, appeals following the habeas court's denial of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. His claims on appeal— alleging ineffective assistance by his various previous counsel and that the court improperly found his claim of illegal seizure and violation of due process to be procedurally defaulted—center on his argument that his arraignment was untimely under General Statutes (Rev. to 1987) § 54-1g.[1] Following our review of the

---

[1] General Statutes (Rev. to 1987) § 54-1g provides in relevant part: "Any arrested person who is not released sooner . . . shall be promptly presented before the superior court sitting next regularly for the geographical area where the offense is alleged to have been committed. If an arrested person is hospitalized . . . the person shall be presented, if practicable, to the first regular sitting after return to police custody."

record and the parties' arguments, we conclude that the petitioner was arraigned timely according to the statute, and, therefore, we dismiss the appeal.

The petitioner's appeal is based on the following facts. On September 6, 1988, the petitioner was involved in a motor vehicle stop at Blue Hills Avenue and East Euclid Street in Hartford. Following an ensuing pursuit on foot in which the petitioner attempted to flee the police and fired a weapon at police, the petitioner was shot by a Hartford police officer, who returned the petitioner's fire. The petitioner was taken to Mount Sinai Hospital where he was admitted and treated for his injuries. While the petitioner was in the hospital, he was restrained to his bed, and a police officer was stationed at the door of the hospital room. On Saturday, September 17, 1988, the petitioner was discharged from the hospital, arrested by the police and taken into custody. While in police custody, the petitioner was questioned about the September 6, 1988 incident and about a previous unrelated criminal matter. He provided to the police voluntary statements concerning both matters. The petitioner was arraigned in Superior Court on Monday, September 19, 1988. In docket number 54832, following a jury trial in which he was represented by attorneys Kenneth Simon and Susan Brown, the petitioner was convicted on charges arising from the September 6, 1988 incident.[2] Simon represented the petitioner in his appeal from the judgment of conviction, which this court affirmed. *State* v. *Bewry*, 24 Conn. App. 823, 588 A.2d 1090 (1991) (per curiam).

The petitioner also was represented by Simon and Brown in docket numbers 54830 and 54831, which were

---

[2] Specifically, in docket number 54832 the petitioner was convicted of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-59 (a) (1) and 53a-49 (a) (2), attempt to commit assault of a police officer in violation of General Statutes §§ 53a-167c and 53a-49, interfering with an officer in violation of General Statutes § 53a-167a (a) and carrying a pistol without a permit in violation of General Statutes § 29-35.

consolidated for trial. The charges in these dockets arose out of events that occurred in April, 1988, and about which the petitioner gave a statement to police on September 17, 1988.[3] Following a jury trial, the petitioner was convicted of various crimes in these cases.[4] Simon and Brown represented the petitioner in his appeal from these convictions, which this court affirmed. See *State* v. *Bewry*, 26 Conn. App. 242, 600 A.2d 787 (1991), cert. denied, 221 Conn. 911, 602 A.2d 11 (1992).

The petitioner filed a petition for a writ of habeas corpus challenging his confinement resulting from the

---

[3] This court summarized the facts in docket numbers 54830 and 54831 as follows: "The [petitioner] went to a building on Charlotte Street in Hartford to confront several friends about rumors he had heard concerning his friends' sexual involvement with his girl friend. When the [petitioner] attempted to speak to the occupants of the building, they refused to let him inside. The [petitioner] then left, obtained a semiautomatic handgun and returned to the Charlotte Street building.

"This time, the [petitioner] was allowed in and went to a second floor apartment. When he was approached by the people whom he had come to see, the [petitioner] drew his gun. After words were exchanged, the [petitioner] raised his gun and fired a shot that struck Errol McNeil in the head. McNeil died as a result of that injury.

"The [petitioner] then fired from close range at Glaister Gunter, wounding him in his left arm. Gunter ran out of the building to an adjoining parking lot and collapsed on the ground. The [petitioner] approached Gunter and asked where he could find another person who had fled from the building when the first shot was fired. After Gunter told the [petitioner] where that person could be found, Gunter asked whether the [petitioner] was going to kill him. The [petitioner] replied, 'First, I'm going to rob you,' and then shot him again from a distance of about one foot. The bullet struck Gunter's arm inches from where it supported his head. As Gunter lay motionless, the [petitioner] walked away and was heard to say, 'You're dead, [expletive].' " *State* v. *Bewry*, 26 Conn. App. 242, 243–44, 600 A.2d 787 (1991), cert. denied, 221 Conn. 911, 602 A.2d 11 (1992).

[4] In docket number 54830, the petitioner was convicted of criminal attempt to commit murder in violation of General Statutes §§ 53a-54a (a) and 53a-49 (a) (2), carrying a pistol without a permit in violation of General Statutes § 29-35 (a) and two counts of assault in the second degree in violation of General Statutes § 53a-60 (a) (2). In docket number 54831, the petitioner was convicted of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1). See *State* v. *Bewry*, 26 Conn. App. 242, 243, 600 A.2d 787 (1991), cert. denied, 221 Conn. 911, 602 A.2d 11 (1992).

convictions in docket numbers 54830, 54831 and 54832 (first habeas). Attorney Patrice A. Cohan represented the petitioner in this first habeas in which the petitioner alleged that Simon and Brown had provided him ineffective legal assistance at the trial and sentencing phases of these matters. Among other claims, the petitioner alleged in the first habeas that Simon and Brown were ineffective in failing to move to suppress the statement the petitioner had given to the police in docket numbers 54830 and 54831 on the ground that the statement was not voluntary. The habeas court, *Hon. David M. Barry*, judge trial referee, denied the petition and denied the petitioner's petition for certification to appeal. This court dismissed the petitioner's subsequent appeal in which he was represented by Cohan. See *Bewry* v. *Commissioner of Correction*, 73 Conn. App. 547, 808 A.2d 746 (2002) (per curiam), cert. denied, 266 Conn. 918, 837 A.2d 801 (2003).

On May 9, 2001, the petitioner initiated the action underlying the present appeal by filing a pro se habeas petition alleging that Simon and Brown had provided him ineffective legal assistance in his two direct appeals. Following the habeas court's granting of his motion for appointment of counsel, Cohan filed an appearance on behalf of the petitioner. On May 28, 2002, Cohan filed an amended petition that alleged that Simon had provided ineffective assistance in failing to challenge the petitioner's arraignment as untimely. Cohan's motion to withdraw her appearance due to health reasons was granted by the court on July 15, 2002. Thereafter, attorney Paul Kraus appeared on behalf of the petitioner and filed the operative petition in this matter, the second amended petition.

The second amended petition was in four counts. Count one alleged that the petitioner was subjected to an unconstitutional search and seizure and deprived of the due process of law in that he was not arraigned

timely under § 54-1g and, as a result, that his arrest was invalid, and his statements provided to the police were inadmissible. The remaining counts alleged ineffective assistance of counsel against Cohan, Brown and Simon for their failure to raise the timely arraignment issue in the petitioner's first habeas and his first habeas appeal, in his trial in docket number 54832 and in his appeal from the judgment in that case, *State* v. *Bewry*, supra, 24 Conn. App. 823, respectively.

Following trial, the habeas court filed a memorandum of decision denying the petition. The court concluded that the petitioner's first count was procedurally defaulted, as the petitioner had failed to demonstrate good cause for his failure to raise the claim previously at trial or on direct appeal. In addressing the petitioner's ineffective assistance of counsel claims, the court found that "[t]here is no credible evidence that the petitioner was under arrest until he was formally arrested on September 17, 1988, the day he was released from the hospital." Noting that the "time of arraignment clearly can be affected by a [petitioner's] hospitalization and incapacity," the court concluded finally that the petitioner had failed to demonstrate that his various counsels' performance was deficient or that he had suffered any prejudice. The court subsequently denied the petitioner's petition for certification to appeal. This appeal followed.

The petitioner claims on appeal that he was provided ineffective legal assistance by counsel in his two trials, his two direct appeals, his first habeas and the appeal from his first habeas. He also challenges the court's conclusion that he was not unconstitutionally seized or denied due process under the circumstances of his hospitalization, arrest and arraignment. Each of the petitioner's appellate claims rests on the issue of whether the habeas court properly determined that he was arraigned timely following the September 6, 1988

incident in which he was shot by a police officer. He contends that he "was in fact clearly under arrest and in police custody as of [September 6], 1988, and thus should have been timely arraigned pursuant to statute arguably on Wednesday, [September 7], 1988, and, at the very latest, no later than on Monday, [September 12], 1988." Contrary to the petitioner's argument, however, the record demonstrates that the petitioner was arraigned at the earliest regular sitting of the Superior Court following his hospitalization and arrest. The petitioner's claims on appeal, accordingly, must fail.

We initially set forth the well established standard of review and principles of law underlying the petitioner's claims. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court *could* resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). The required determination may be made on the basis of the record before the habeas court and applicable legal principles. See *Simms* v. *Warden*, supra, 617. If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. Id., 612." (Emphasis in original; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 564, 941 A.2d 248 (2008).

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of

the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria identified in *Lozada* and adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 449, 936 A.2d 611 (2007).

According to the standard enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner alleging ineffective assistance of counsel must establish that "(1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 63, 951 A.2d 520 (2008).

After he sustained injuries on September 6, 1988, the petitioner was taken to the hospital for treatment. He was discharged from the hospital on Saturday, September 17, 1988, and arrested that same day. The petitioner was presented for arraignment on Monday, September 19, 1988. General Statutes (Rev. to 1987) § 54-1g provides in relevant part: "Any arrested person who is not released sooner . . . shall be promptly presented before the superior court sitting next regularly for the geographical area where the offense is alleged to have been committed. If an arrested person is hospitalized . . . the person shall be presented, if practicable, to the first regular sitting after return to police custody."

Application of the requirements of § 54-1g to the facts of the case leaves no doubt but that the statute was fulfilled in the circumstances of the petitioner's arraignment.

In support of his contention that he was arrested while in the hospital, the petitioner points out that an arrest warrant for him was sworn on September 9, 1988. However, he points to nothing in the record that evinces the execution of the warrant, or any other evidence to sustain his burden of showing clear error in the court's finding that he was not arrested until his discharge on September 17, 1988. The petitioner could not have been arraigned that day because it was a Saturday. His arraignment was not delayed past the first possible opportunity for the state to bring him before a judge of the Superior Court.

Indeed, the statute would not have been contravened even if the petitioner had been arrested on September 6, 1988, or at some later point during his hospitalization. At oral argument, the petitioner conceded that while he was hospitalized the police were not free to remove him and have him arraigned, as he was under the care and control of the hospital staff who would determine when he medically was able to be discharged. Our statutes do not provide for or mandate in-hospital arraignments, as the petitioner's argument on appeal would seem to require. Rather, § 54-1g requires the police to arraign an arrested person who is hospitalized at the first regular sitting of the Superior Court "if practicable" following his return to police custody. Assuming for the sake of argument that the petitioner was arrested while in the hospital, his arraignment on September 19, 1988, nonetheless would have been timely under § 54-1g because that date was the first regular sitting of the Superior Court following the petitioner's discharge from the hospital.[5]

---

[5] Furthermore, we note that neither our analysis nor our result would be contrary if the petitioner had not required hospitalization at all but, instead,

In sum, the petitioner's claims rest on § 54-1g, which provides in relevant part: "If an arrested person is hospitalized . . . the person shall be presented, if practicable, to the first regular sitting [of the Superior Court] after return to police custody." The petitioner has failed to show that the court's finding that the "time of arraignment clearly can be affected by a [petitioner's] hospitalization and incapacity" was clearly erroneous. Nor has he sustained his burden to show clear error in the court's finding that none of his prior counsels' performances were ineffective or that he suffered any prejudice resulting from their representation arising out of his untimely arraignment claim.

The petitioner has failed to demonstrate that the issues here are debatable among jurists of reason, that the court could resolve the issues in a different manner or that the questions involved are adequate to deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. He has failed, therefore, to show that the court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

simply had been arrested on a Saturday. Under that circumstance, the state would have been required to present the petitioner for arraignment the following Monday or at the next regular sitting of the Superior Court thereafter. In any event, the petitioner could not be arraigned before the next Monday.