AHMAAD LANE *v.* COMMISSIONER
OF CORRECTION
(AC 32006)

Gruendel, Robinson and Pellegrino, Js.

Argued March 22—officially released June 21, 2011

*Brian J. Woolf*, with whom were *Michael A. Roussos* and *Kyle D. Macci*, for the appellant (petitioner).

*Nancy L. Walker*, special deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, former state's attorney, and *Terence D. Mariani*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PELLEGRINO, J. The petitioner, Ahmaad Lane, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his trial counsel, TaShun Bowden-Lewis, rendered ineffective assistance in advising him whether to accept a plea offer from the state. We dismiss the appeal.

The petitioner was the defendant in a case, *State* v. *Lane*, 101 Conn. App. 540, 922 A.2d 1107, cert. denied, 283 Conn. 910, 928 A.2d 538 (2007), in which he was charged with assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). Those charges arose from an altercation wherein the petitioner shot the victim, Vincent Zappone, in front of the victim's mother and another witness,

Moses Rosario. The victim and witnesses knew the petitioner and identified him as the shooter. After a jury trial, the petitioner was convicted of the aforementioned charges and sentenced to a total effective term of twelve years incarceration followed by six years of special parole.

On appeal, the petitioner argued before this court that the trial court improperly denied his *Batson*[1] challenge during jury selection by allowing the state to use peremptory challenges for two potential minority jurors, and for dismissing the only chosen minority juror because she failed to arrive at court for the start of trial. The petitioner also argued that the trial court improperly admitted evidence of the victim's out-of-court identification of the petitioner from a photographic array. This court rejected both arguments and affirmed the judgment of the trial court. See id., 548–54.

On October 16, 2008, the petitioner filed a petition for a writ of habeas corpus. On October 6, 2009, the petitioner filed an amended petition, and the habeas court conducted a hearing on his amended petition. In his petition, the petitioner alleged that his trial counsel had rendered ineffective assistance by failing to (1) conduct an adequate pretrial investigation, (2) explain meaningfully to the petitioner the state's plea offer and the potential consequences of being found guilty and (3) challenge effectively the state's peremptory challenges and the dismissal of a minority juror. At the habeas trial, the court heard testimony from the petitioner, Bowden-Lewis and Conrad Seifert, an attorney who gave expert testimony as to the adequacy of Bowden-Lewis' representation.[2] On November 24, 2009, by memorandum of decision, the court rejected the petitioner's

[1] *Batson* v. *Kentucky*, 476 U.S. 79, 96–98, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

[2] The petitioner also presented the testimony of a witness who had given the police a statement the night of the shooting. That testimony, however, related to the petitioner's first habeas claim, which is not at issue in this appeal.

claims, concluding that Bowden-Lewis had rendered effective assistance in her representation of the petitioner. The court also concluded that the petitioner suffered no prejudice through Bowden-Lewis' representation because the petitioner adamantly denied committing the crime and had refused to plead guilty under any circumstances. On February 4, 2010, the habeas court denied the petitioner's petition for certification to appeal. This appeal followed.

We initially set forth the well established standard of review and principles of law underlying the petitioner's claims. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court *could* resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more

of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed. . . .

"According to the standard enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner alleging ineffective assistance of counsel must establish that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Bewry* v. *Commissioner of Correction*, 121 Conn. App. 259, 265–66, 994 A.2d 697, cert. denied, 297 Conn. 918, 996 A.2d 277 (2010).

The petitioner claims that Bowden-Lewis rendered ineffective assistance by failing to advise him to accept a plea offer and, more specifically, by suggesting that the petitioner had a "fifty-fifty chance" of prevailing at trial. We conclude that, although Bowden-Lewis improperly advised the petitioner that he had a 50 percent chance of prevailing, her deficient performance did not prejudice the petitioner.

At the petitioner's habeas trial, Bowden-Lewis testified that, prior to the petitioner's rejection of the state's final plea offer, she advised him that he had a 50 percent chance of prevailing at trial. In fact, she testified that she advises all of her clients that they have a 50 percent chance of prevailing at trial, regardless of the state's evidence, because "you never know what a jury is going to do, whether you have a good case or a bad case." We conclude that transmitting the plea offer to the

petitioner, coupled with her estimate as to his probable success at trial, did not constitute an adequate explanation of the offer.

At the petitioner's habeas trial, Seifert, who had reviewed the entire file in the petitioner's underlying criminal case, testified that the case was overwhelmingly in favor of the state: "[T]he [petitioner] was misled into thinking he had a [50 percent] chance . . . in a case with three eyewitnesses feet away from the shooter, two of whom—possibly the shooting victim himself maybe saw him earlier th[at] day in an elevator, but two of whom for weeks on end claim they saw [an individual] who they identified as [the petitioner] on the premises . . . [at] this apartment building. So it's a very strong case." Seifert also testified that, given the weight of the evidence, Bowden-Lewis' failure to recommend that the petitioner take the state's plea offer constituted deficient performance. On the basis of our review of the record before us, we conclude that Bowden-Lewis' performance in advising the petitioner that he had a 50 percent chance of success based on the overwhelming evidence against him fell below an objective standard of reasonableness.[3]

For the petitioner to prevail, however, he must also show that "he would have accepted the [plea] offer and that the court would have rendered judgment in accordance with that offer." *Sanders* v. *Commissioner of Correction*, 83 Conn. App. 543, 552, 851 A.2d 313, cert. denied, 271 Conn. 914, 859 A.2d 569 (2004). We agree with the habeas court that the petitioner failed to establish prejudice under *Strickland*. Based on the evidence before the habeas court, the petitioner had adamantly denied committing the crime and had

[3] We also note that Bowden-Lewis' custom of advising all clients facing trial by jury, regardless of the evidence, that they have a 50 percent chance of prevailing is questionable.

refused to plead guilty under any circumstances. Although the petitioner testified at his habeas trial that even though he was innocent, he nevertheless would have "jumped on" the offer had it been explained to him properly, it was within the purview of the habeas court to disbelieve the petitioner's self-serving testimony.

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . Thus, [t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Douros* v. *Commissioner of Correction*, 111 Conn. App. 525, 528–29, 959 A.2d 1041 (2008). Based on our review of the record and the habeas court's findings, we cannot conclude that the petitioner would have accepted the state's plea offer or that the court would have rendered judgment in accordance with that offer. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.