J-S05010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v. :
:
:
:
JONATHAN B. FISHER :
:
Appellant : No. 1390 MDA 2019

Appeal from the Judgment of Sentence Entered July 15, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003305-2019

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED APRIL 17, 2020**

Appellant, Jonathan B. Fisher, appeals from the judgment of sentence entered following his conviction of stalking.[1]  Appellate counsel has filed a petition seeking to withdraw her representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition to withdraw and affirm.

On June 2, 2019, Appellant put a bouquet of flowers in the driveway of his estranged wife (Victim")  and placed a church brochure in her mailbox.  Victim observed Appellant at the mailbox.  Appellant was on probation for

---

[1] 18 Pa.C.S. § 2709.1(a)(1).

three previous convictions of stalking Victim, and there was an active protection from abuse order in effect at the time of the incident.

On July 3, 2019, the Commonwealth filed a criminal information charging Appellant with one count of stalking, graded as a third-degree felony. On July 5, 2019, Appellant pled guilty pursuant to a negotiated plea agreement. At the conclusion of the guilty plea hearing, the trial court sentenced Appellant to a term of incarceration of time served to twenty-three months. On July 22, 2019, Appellant filed a post-sentence motion in which he sought to withdraw his guilty plea. The trial court denied the motion on July 23, 2019. This timely appeal followed.

Appellant's counsel filed with the trial court a statement pursuant to Pa.R.A.P. 1925(c)(4,) indicating her intent to seek permission to withdraw pursuant to *Anders*. The trial court drafted a Pa.R.A.P. 1925(a) opinion explaining that, in light of counsel's statement pursuant to Pa.R.A.P. 1925(c)(4), it was deferring "issuing any substantive opinion in support of its judgment of sentence until [Superior Court] makes a determination as to the existence of any arguably meritorious issues for review." Trial Court Opinion, 9/18/19, at 1.

As noted, counsel has filed a petition to withdraw from representation. Before we address any questions raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements

- 2 -

imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, those directives have been satisfied. Within the petition to withdraw, counsel averred that she conducted an extensive review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could either represent himself or retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the *Anders* brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Cartrette***, 83 A.3d at 1032 (quoting ***Santiago***, 978 A.2d at 361).

Counsel's brief is compliant with ***Santiago***. The brief sets forth the procedural history of this case, outlines pertinent legal authority, and discusses counsel's conclusion that the appeal is frivolous. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel has conducted an evaluation of Appellant's guilty plea and sentence. ***Anders*** Brief at 9-12. First, counsel reviewed whether the guilty plea was voluntary, intelligent, and knowing. ***Id***. at 9-12. Counsel also reviewed the legality of Appellant's sentence. ***Id***. at 12.

We begin by observing that, generally, upon entry of a guilty plea, an appellant waives all defects and defenses except: (1) the lack of jurisdiction; (2) the validity of the plea; and (3) the legality of the sentence. ***Commonwealth v. Jones***, 929 A.2d 205, 212 (Pa. 2007). A challenge to the legality of sentence is an attack upon the power of a court to impose a given sentence. ***Commonwealth v. Lipinski***, 841 A.2d 537, 539 (Pa. Super. 2004).

We first review the issue of whether Appellant's guilty plea was voluntary, intelligent, and knowing. Specifically, we address the claim that Appellant "was not aware of the element of a charge of Stalking [that] requires a Defendant to admit their acts towards another person demonstrate an intent

to cause substantial emotional distress to another person." Post-Sentence

Motion, 7/22/19, at 1-2.[2]

> [A] defendant who attempts to withdraw a guilty plea
> after sentencing must demonstrate prejudice on the
> order of manifest injustice before withdrawal is
> justified. A plea rises to the level of manifest injustice
> when it was entered into involuntarily, unknowingly,
> or unintelligently.

*Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013) (citations

and quotation marks omitted).

"There is no absolute right to withdraw a guilty plea." *Commonwealth*

*v. Broaden*, 980 A.2d 124, 128 (Pa. Super. 2009) (citations omitted). In

order to withdraw a guilty plea following the imposition of sentence, "a

---

[2] We observe that

> Normally, issues not preserved in the trial court may
> not be pursued before this Court. Pa.R.A.P. 302(a).
> For example, a request to withdraw a guilty plea on
> the grounds that it was involuntary is one of the claims
> that must be raised by motion in the trial court in
> order to be reviewed on direct appeal. ... Moreover,
> for any claim that was required to be preserved, this
> Court cannot review a legal theory in support of that
> claim unless that particular legal theory was
> presented to the trial court. Thus, even if an appellant
> did seek to withdraw pleas … in the trial court, the
> appellant cannot support those claims in this Court by
> advancing legal arguments different than the ones
> that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008). Therefore, we limit our review of the challenge to the validity of the guilty plea to the legal theory preserved in Appellant's post-sentence motion.

defendant must demonstrate that manifest injustice would result." *Id*. at 129.
"Manifest injustice may be established if the plea was not tendered knowingly,
intelligently, and voluntarily." *Id*.

In considering the validity of a guilty plea colloquy, "[t]he Pennsylvania
Rules of Criminal Procedure mandate pleas be taken in open court and require
the court to conduct an on-the-record colloquy to ascertain whether a
defendant is aware of his rights and the consequences of his plea."
***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa. Super. 2014) (citations
omitted). Pursuant to Pa.R.Crim.P. 590, the trial court should inquire whether
the defendant understands, among other things, "the nature of the charges
to which he or she is pleading guilty[,]" and "the permissible range of
sentences and/or fines" possible. Pa.R.Crim.P. 590, cmt. "[N]othing in the
rule precludes the supplementation of the oral colloquy by a written colloquy
that is read, completed, and signed by the defendant and made a part of the
plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-1213
(Pa. Super. 2008) (citation omitted).

Thereafter,

> [t]he reviewing Court will evaluate the adequacy of the plea
> colloquy and the voluntariness of the resulting plea by examining
> the totality of the circumstances surrounding the entry of that
> plea. Pennsylvania law presumes a defendant who entered a
> guilty plea was aware of what he was doing, and the defendant
> bears the burden of proving otherwise.

***Prendes***, 97 A.3d at 352 (citations omitted). Accordingly, even if there is an
omission in the oral plea colloquy, "a plea of guilty will not be deemed invalid

if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted).

Our review of the certified record reflects that Appellant completed a written guilty plea colloquy on July 15, 2019. In the colloquy, Appellant acknowledged that he can read, write, speak, and understand the English language. Guilty Plea Colloquy, 7/15/19 at 1 ¶1.

Also on July 15, 2019, Appellant appeared at a guilty plea hearing, at which the trial court conducted a thorough oral colloquy upon accepting Appellant's guilty plea. N.T., 7/15/19, at 2-10. Specifically, the following transpired, which indicates that Appellant was made aware of all of the elements of the crime of stalking,[3] including an intent to cause substantial emotional distress to another person:

_____

[3] Appellant was charged with the crime of stalking pursuant to subsection (a)(1), which is set forth under the Crimes Code as follows:

**§ 2709.1. Stalking.**

**(a) Offense defined. —** A person commits the crime of stalking when the person either:

> (1) engages in a course of conduct or repeatedly commits acts toward another person, including following the person without proper authority, under

THE COURT: I'm told that you are here to plead guilty to the offense of stalking. **That is defined as engaging in a course of conduct or repeatedly committing acts towards another person, including following the person without proper authority under circumstances which demonstrate** either **intent** to place that person in reasonable fear of bodily injury or **to cause that person substantial emotional distress**.

Do you understand that?

[APPELLANT]: Yes.

THE COURT: That involves a family member. And because you have prior convictions for this, this is graded as a felony of the third degree, which carries up to seven years in prison and a $15,000 fine.

Do you understand?

[APPELLANT]: Yes.

*Id*. at 6 (emphases added).

The portion of the oral colloquy set forth above establishes that Appellant was presented with, and understood, both the nature of the charge to which he was pleading guilty and the accompanying permissible range of sentence. Hence, the dictates Pa.R.Crim.P. 590 were satisfied. Accordingly, any claim that Appellant's guilty plea was not tendered knowingly, intelligently, and voluntarily lacks merit.

---

circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person

18 Pa.C.S. §2709.1(a)(1).

- 8 -

We next consider the issue of whether the sentence imposed upon Appellant was legal. ***Anders*** Brief at 12. As stated above, upon entry of a guilty plea, an appellant waives all defects and defenses except: (1) the lack of jurisdiction; (2) the validity of the plea; and (3) the legality of the sentence. ***Jones***, 929 A.2d at 212. We note that "[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa. Super. 2008).

Legality of sentence issues occur generally either (1) when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected; and/or (2) when the sentence imposed is patently inconsistent with the sentencing parameters set forth by the General Assembly. ***Commonwealth v. Foster***, 17 A.3d 332, 342 (Pa. 2011). The question of whether a claim implicates the legality of a sentence presents a pure question of law. ***Id.*** at 340 n.13. Issues relating to the legality of a sentence are reviewed *de novo,* and our scope of review is plenary. ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013).

Additionally, "when a negotiated plea includes sentencing terms (or, more properly, the Commonwealth's commitment to recommend a certain sentence), the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea." ***Commonwealth v. Eisenberg***, 98

A.3d 1268, 1277 (Pa. 2014); *see also Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (stating that where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit an excessiveness challenge).

Appellant pled guilty to the crime of stalking under 18 Pa.C.S. § 2709.1(a)(1), which is graded as a third-degree felony. 18 Pa.C.S. § 2709.1(c)(2). A person convicted of a third-degree felony may not be sentenced to a term of imprisonment for more than seven years. 18 Pa.C.S. § 1103. Also, a person convicted of a third-degree felony may be sentenced to pay a fine not exceeding $15,000.00. 18 Pa.C.S. § 1101. In addition, pursuant to the Sentencing Guidelines, the crime of stalking carries an offense gravity score of six. 204 Pa. Code § 303.15. The record indicates that Appellant's prior offense score was zero. Guilty Plea Agreement/Sentencing Guidelines Worksheet, 7/15/19, at 2. Accordingly, under the Sentencing Code, Appellant's standard range minimum sentence is three to twelve months of incarceration. 204 Pa. Code § 303.16. The aggravated/mitigated range sentence is plus or minus six months or less. *Id*.

Our review of the record further indicates that Appellant entered a negotiated guilty plea, in which he agreed to serve a term of incarceration of time served to twenty-three months. Guilty Plea Agreement/Sentencing Guidelines Worksheet, 7/15/19, at 1. As the Assistant District Attorney stated at the outset of Appellant's guilty plea and sentencing hearing, "[Appellant] is

present in court with counsel to enter into a negotiated guilty plea, stalking, domestic violence, a felony of the third degree, for a sentence of not less than time served to no more than 23 months and costs."  N.T., 7/15/19, at 2. Subsequently, Appellant was sentenced as follows:

> THE COURT:  What I said earlier I meant.  Technically your guidelines start at three months.  This is a mitigated sentence, which means you're getting less than what you should have gotten for this.
>
> Now, I understand the facts and I understand there is an agreement so I'm going to go along with this.  …
>
> I will accept [Appellant's] plea of guilt pursuant to the negotiated plea agreement.
>
> On Count 1, [Appellant] shall receive a sentence of not less than time served to no more than 23 months in Lancaster County Prison plus costs.  There's no restitution owing.  [Appellant] may be paroled immediately without the necessity of a parole petition. And although it's academic, he's eligible for re-entry programming at the Lancaster County Prison.  The [c]ourt notes that this is a mitigated range sentence for the reasons stated by counsel.

N.T., 7/15/19, at 10-11.

Thus, the sentence of time served to twenty-three months of incarceration did not exceed the statutory maximum of seven years of incarceration authorized by the General Assembly.  Furthermore, the sentence imposed is in the mitigated sentencing guideline range.  Therefore, we find the trial court imposed a legal sentence, *i.e.*, one which is patently consistent with the sentencing parameters set forth by the General Assembly.  ***Foster***, 17 A.3d at 342.  Accordingly, any challenge to the legality of Appellant's sentence lacks merit.

- 11 -

Finally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1198-1199 (Pa. Super. 2018) (*en banc*). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/17/2020</u>