J-S44024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANGELO FOSCHINI, JR. | : | |
| | : | |
| Appellant | : | No. 20 MDA 2020 |

Appeal from the PCRA Order Entered December 12, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003736-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANGELO FOSCHINI, JR. | : | |
| | : | |
| Appellant | : | No. 21 MDA 2020 |

Appeal from the PCRA Order Entered December 12, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003737-2015

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED: FEBRUARY 9, 2021**

Appellant Michael Angelo Foschini, Jr. appeals *pro se* from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant alleges that the PCRA court should have considered the merits of

---

[1] 42 Pa.C.S. §§ 9541-9546.

his petition because it was the only avenue for him to raise claims of his prior

PCRA counsel's ineffectiveness. We affirm.

The PCRA court summarized the procedural history of this appeal as

follows:

a. On March 22, 2016, [Appellant] pleaded guilty to kidnapping and rape at Docket 3736 of 2015, and kidnapping, rape and involuntary deviate sexual intercourse at Docket 3737 of 2015.[2]

b. On April 4, 2016, [Appellant] was sentenced at Docket 3736 of 2015 to three (3) to six (6) years' imprisonment on Count 1, and five (5) to ten (10) years' imprisonment on Count 2. At Docket 3737, [Appellant] was sentenced to three (3) to six (6) years' imprisonment on Count 1, five (5) to ten (10) years' imprisonment on Count 3, and five (5) to ten (10) years' imprisonment on Count 7.

c. No direct appeal was filed.

d. On March 9, 2017, [Appellant] filed a counseled PCRA petition, asserting that his trial counsel's ineffectiveness invalidated his decision to plead guilty.[3]

---

[2] Nandakumar Palissery, Esq. (trial counsel) represented Appellant at the plea hearing and sentencing in the underlying matters. We note that Appellant entered an open plea agreement at Dockets 3736 and 3737 of 2015.

On March 22, 2016, Appellant also entered a negotiated guilty plea at Docket 366 of 2015 on March 22, 2016. Joseph Sklarosky, Esq. represented Appellant in that case, and the trial court sentenced Appellant on all three cases on April 4, 2016. Appellant filed a separate PCRA petition at Docket 366 of 2015, and we address Appellant's related appeal from the dismissal of his first PCRA petition at Docket 366 of 2015 in J-S44025-20.

[3] Private counsel, Brian Corcoran, Esq. (prior PCRA counsel) represented Appellant in his first PCRA proceeding, but withdrew after the PCRA court denied Appellant's petition. The PCRA court appointed Attorney Matthew

e. Following a PCRA hearing, post-conviction relief was denied by th[e c]ourt on October 12, 2017.

f. On November 9, 2018, the Superior Court affirmed the denial of post-conviction relief. [***Commonwealth v. Foschini***, 1640 MDA 2017 (Pa. Super. filed Nov. 9, 2018) (unpublished mem.)]

g. On May 30, 2019, the Pennsylvania Supreme Court denied [Appellant's petition for allowance of appeal. ***Commonwealth v. Foschini***, 788 MAL 2018 (Pa. filed May 30, 2019).]

h. The instant PCRA petition was filed, *pro se*, on June 13, 2019.

i. [Appellant's] June 13, 2019 PCRA petition asserts that [Appellant] is eligible for relief pursuant to Section 9543(a)(2)(ii) (pertaining to the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."). 42 Pa.C.S.[] § 9543(a)(2)(ii).

Notice of Intention to Dismiss Mot. for PCRA Relief Pursuant to Pa.R.Crim.P. 907, 10/21/19, at 1-3 (footnote omitted).

The PCRA court added:

[Appellant's] June 13, 2019 PCRA petition invokes the exception set forth in Section 9454(b)(1)(ii), which pertains to circumstances where a "petition alleges and the petitioner proves that . . . the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. [] § 9545(b)(1)(ii). Pertinent to this exception, the June 13, 2019 PCRA petition asserts that there were "new facts that were barred from being raised the first time on appeal and while [Appellant's] first timely PCRA was being litigated to the State Supreme Court." [PCRA Pet., 6/13/19, at 1]. It is unclear from a reading of the PCRA

Kelly, Esq. as counsel for Appellant's first PCRA appeal. We note that Attorney Corcoran captioned his PCRA petition with the two trial court docket numbers at issue in this appeal and asserted that trial counsel was ineffective for advising Appellant that he would receive an aggregate minimum sentence between eight and ten years in the instant matters.

- 3 -

petition what the alleged "new facts" are. The only item addressed by the PCRA petition which could be viewed as being a "new fact" for purposes of Section 9545(b)(1)(ii) is the petition's assertion that PCRA counsel was ineffective. [*Id.* at 1-4]. Such an allegation, however, is insufficient to establish jurisdiction for purposes of Section 9545(b)(1)(ii). ***Commonwealth v. Staton***, 184 A.3d 949, 956 (Pa. 2018) (citing ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 786 (Pa. 2000) ("[T]o the extent that Appellant is arguing that PCRA counsel's ineffectiveness was after-discovered 'fact,' we conclude that such a claim will not establish jurisdiction under 42 Pa.C.S. § 9545(b)(1)(ii).")); ***Commonwealth v. Hill***, 202 A.3d 792, 798 (Pa. Super. 2019) (citing ***Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013); ***Gamboa-Taylor***, 753 A.2d at 786; ***Commonwealth v. Pursell***, 749 A.2d 911, 915 (Pa. 2000)).

*Id.* at 3 n.3 (some formatting altered).

Appellant filed a *pro se* response to the Rule 907 notice alleging, in part, that his prior PCRA counsel was ineffective for failing to litigate his PCRA claims as to Docket 366 of 2015, and that prior PCRA counsel's failure to do so constituted a previously unknown fact for the purpose of Section 9545(b)(1)(ii). Rule 907 Resp., 11/12/19, at 2. Appellant requested that the PCRA court consolidate the litigation in the instant two cases with the separate first PCRA petition he filed at Docket 366 of 2015.

On December 11, 2019, the PCRA court entered the order dismissing Appellant's petition. The order, captioned with Dockets 3736 and 3737 of 2015, advised that Appellant that he had a right to appeal "by filing **a** Notice of Appeal . . . within thirty (30) days of the date of this Order." Order, 12/11/19 (emphasis added).

Acting *pro se*, Appellant timely filed one notice of appeal listing both trial court docket numbers in the caption,[4] and he complied with the PCRA court's order to file and serve a Pa.R.A.P. 1925(b) statement. Appellant did not assert an error in the PCRA court's conclusion that Appellant's instant petition did not qualify for a time-bar exception. Instead, Appellant only alleged trial counsel's ineffectiveness and the unknowing, involuntary, and unintelligent entry of his guilty pleas. **See** Rule 1925(b) Statement, 1/27/20. The PCRA court filed a Rule 1925(a) opinion concluding that it lacked jurisdiction to consider Appellant's substantive claims because Appellant failed to assert a timeliness exception. PCRA Ct. Op., 4/20/20, at 6.

We initially note that Appellant characterizes his *pro se* brief as a "letter brief," which consists of two pages and five paragraphs of argument. Appellant's Brief, cover sheet & 1-2. Appellant fails comply with Chapter 21 of the Pennsylvania Rules of Appellate Procedure governing the form and contents of an appellate brief.[5] **See, e.g.**, Pa.R.A.P. 2101, 2111-2119, 2174.

---

[4] Appellant did not comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). However, in **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*), this Court concluded that there was a breakdown excusing strict compliance with **Walker** when a PCRA court's order advised an appellant to file "a" notice of appeal rather separate notices of appeal as required by **Walker**. **Larkin**, 236 A.3d at 354. Instantly, a similar breakdown occurred as in **Larkin**. **See** Order, 12/11/19. Therefore, we decline to quash this appeal based on **Walker**. **See Larkin**, 236 A.3d at 354.

[5] Moreover, this Court could also find Appellant's arguments as to the timeliness of his second PCRA petition waived due to Appellant's failure to preserve them in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii).

In any event, it is apparent that Appellant claims that the PCRA court erred in dismissing his second PCRA petition as untimely filed because he pled that his prior PCRA counsel's ineffectiveness constituted a previously unknown fact and that he could not have litigated this claim while prior PCRA counsel remained counsel of record. *See* Appellant's Brief at 1-2; *see also* PCRA Pet., 6/13/19, at 1. Appellant also cites *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000),[6] for the proposition that he could not file his second PCRA petition during the pendency of his appeal from the denial of his first PCRA petition, and that he promptly filed within sixty days of the date his first PCRA appeal ended. Appellant's Brief at 1; *see also Lark*, 746 A.2d at 588.

Our standard for reviewing an order dismissing a PCRA petition as untimely is well settled.

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

The "PCRA's timing provisions as jurisdictional in nature, and no court may entertain an untimely PCRA petition." *Commonwealth v. Small*, 238

---

[6] The Pennsylvania Supreme Court overruled *Lark* on other grounds in *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020), which abrogated the "public records presumption" for purposes of the newly discovered facts exception. *See Small*, 238 A.3d at 1281-86, 1286 n. 12.

- 6 -

A.3d 1267, 1280 (Pa. 2020) (citations omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Commonwealth v. Valentine***, 928 A.2d 346, 348 (Pa. Super. 2007) (citations omitted). "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.'" ***Id.*** (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials[7] with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

---

[7] Section 9545(b)(4) states that the term "government officials" does not include "defense counsel, whether appointed or retained." 42 Pa.C.S. § 9545(b)(4).

To invoke one of these exceptions, a petitioner must comply with Section 9545(b)(2), which requires the filing of a petition within a specific time from the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2).[8] It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citation and quotation marks omitted).

Instantly, we agree with the PCRA court that Appellant's second PCRA petition was untimely and did not qualify for a timeliness exception. Appellant's judgments of sentence became final on May 4, 2016, and he filed the instant petition in June 2019, more than two years after the deadline for filing a facially timely PCRA petition. Moreover, in **Commonwealth v. Morris**, 822 A.2d 684 (Pa. 2003) and **Gamboa-Taylor**, our Supreme Court addressed and rejected arguments similar to those Appellant has raised. As noted by the PCRA court, our Supreme Court "definitively stated that claims of PCRA counsel's ineffectiveness do not escape the PCRA one-year time limitation merely because they are presented in terms" of recently discovering that previous PCRA counsel was ineffective. **Staton**, 184 A.3d at 956 (citing **Gamboa-Taylor**, 753 A.2d at 786) (quotation marks omitted).

---

[8] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, and extended the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act of Oct. 24, 2018, P.L. 894, No. 146, § 3.

We acknowledge that the procedures to enforce a first-time PCRA petitioner's right to counsel are not clearly established.[9] However, absent an abandonment by prior PCRA counsel, our courts have consistently held that a petitioner cannot establish a statutory timeliness exception by raising prior PCRA counsel's ineffectiveness in a subsequent, facially untimely PCRA petition. *See Morris*, 822 A.2d at 694-96; *Gamboa-Taylor*, 753 A.2d at 785-88; *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1273-74 (Pa. 2007). Accordingly, finding no abuse of discretion or error of law in the PCRA court's dismissal of Appellant's second PCRA petition, we affirm. *See Lawson*, 90 A.3d at 4.

Order affirmed.

_____

[9] For example, the Pennsylvania Supreme Court has granted allowance of appeal in *Commonwealth v. Bradley*, 364 EDA 2019 (Pa. Super. filed June 22, 2019) (unpublished mem.), to consider the following issue:

> Should this Court grant leave to appeal to accept the Superior Court's request to devise a mechanism for the enforcement of the enforceable right to effective counsel in a first PCRA proceeding, when the current mechanism is not adequate to the enforcement of that important right?

*Commonwealth v. Bradley*, 230 EAL 2020 (Pa. filed Dec. 23, 2020). In *Bradley*, however, the petitioner raised the issue of PCRA counsel's ineffectiveness in his appeal from the denial of his first PCRA petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021