J-S44025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
MICHAEL FOSCHINI, JR.　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　:　No. 363 MDA 2020

Appeal from the PCRA Order Entered February 12, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000366-2015

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:　　　　**FILED: FEBRUARY 9, 2021**

Appellant Michael Foschini, Jr. appeals *pro se* from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant asserts that (1) he entered the guilty plea in the above-captioned case unknowingly, unintelligently, and involuntarily, (2) the trial court erred when sentencing him without being aware of his mental health condition, and (3) his sentence was excessive.  We affirm.

The PCRA court summarized the procedural history of this appeal as follows:

> a. On January 19, 2016, [Appellant] pleaded guilty to aggravated assault, reckless endangerment and possession of a small

_____

[1] 42 Pa.C.S. §§ 9541-9546.

amount of marijuana at Docket 366 of 2015.[2 As noted in Appellant's related appeal in J-S44024-20, Appellant subsequently entered open guilty pleas in Dockets 3736 and 3737 of 2015 on March 22, 2016.[3]]

b. On April 4, 2016, the [Appellant] was sentenced at Docket 366 of 2015 to three (3) to six (6) years' imprisonment on Count 1, and thirty (30) days' probation on Counts [F]ive . . . and Six[. That same day, the trial court also sentenced Appellant in Dockets 3736 and 3737.]

c. No direct appeal was filed. [On October 12, 2017, Appellant filed a counseled PCRA petition in the related cases in Dockets 3736 and 3737 of 2015, which the PCRA court denied. This Court affirmed the denial of relief on November 9, 2018, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 30, 2019.]

d. The instant PCRA petition was filed *pro se* on June 13, 2019 to all three docket numbers, constituting the second PCRA petition filed to Dockets 3736 and 3737 of 2015, but the first PCRA petition filed to Docket 366 of 2015.

e. The June 13, 2019 PCRA petition asserted that [Appellant] is eligible for relief pursuant to Section 9543(a)(2)(ii) (pertaining to the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or

---

[2] Attorney Joseph Sklarosky, Esq. represented Appellant in the underlying criminal case. We note that the record in the instant matter contains a plea agreement form indicating that the parties agreed to the imposition of a three-to-six-year sentence of incarceration, which the trial court imposed at sentencing.

[3] Nandakumar Palissery, Esq. represented Appellant in Dockets 3736 and 3737 of 2015. As discussed in Appellant's related appeal in J-S44024-20, Appellant retained counsel to litigate a separate PCRA petition in Dockets 3736 and 3737 of 2015 and alleged Attorney Palissery's ineffectiveness as to the entry of his guilty pleas in those cases.

innocence could have taken place."). 42 Pa.C.S.[] § 9543(a)(2)(ii).

  f. Counsel was appointed to represent [Appellant in the litigation of his PCRA petition in the instant case[4]].

  g. Following review of the record and discussion with the [Appellant], appointed counsel subsequently filed a no merit letter and a motion to withdraw as counsel, acknowledging that [Appellant] PCRA petition is untimely, and that review of the record and discussion with [Appellant] revealed that no exception to the PCRA's timeliness requirements apply to the petition.

  h. On December 13, 2019, Appointed Counsel was permitted to withdraw.

Notice of Intention to Dismiss Mot. for PCRA Relief Pursuant to Pa.R.Crim.P. 907, 1/6/20, at 1-3 (footnotes omitted, some formatting altered). The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition on January 6, 2020, and dismissed Appellant's petition as untimely on February 12, 2020.

Appellant timely appealed and complied with the PCRA court's order to file and serve a Pa.R.A.P. 1925(b) statement.[5] The PCRA court filed a responsive opinion maintaining that Appellant's petition was untimely

Appellant presents the following issues for review:

  1. Whether [Appellant] knowingly, voluntarily, and intelligently entered his guilty plea, when he did not understand the terms of the plea bargain and/or had a complete understanding of the plea process?

---

[4] The PCRA court appointed Jeffrey Yelen, Esq. as Appellant's PCRA counsel.

[5] Appellant's Rule 1925(b) statement did not claim error in the PCRA court's ruling that Appellant's petition was untimely.

2. Whether trial counsel was ineffective in representing [Appellant by] not adequately explaining the plea bargain and it[s] terms?

3. Did trial court error in imposing a sentence without a clear understanding of the mental health history of [Appellant]?

Appellant's Brief at 5 (some capitalization omitted).

Appellant's arguments focus the merits of his claims that the entry of his plea was not valid and that his sentencing challenge concerns "the legality of his sentence which issue is never time barred and/or waived." *See id.* at 8-9. Appellant's discussion of the timeliness of his instant petition consists of a single reference to his PCRA appeal in Dockets 3736 and 3737 of 2015.[6] *Id.* at 7.

Our standard for reviewing an order dismissing a PCRA petition as untimely is well settled.

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

The "PCRA's timing provisions as jurisdictional in nature, and no court may entertain an untimely PCRA petition." *Commonwealth v. Small*, 238

___

[6] In addition to the lack of meaningful argument in his brief regarding the PCRA time bar, this Court could also find Appellant's arguments as to the timeliness of his second PCRA petition waived due to Appellant's failure to preserve them in his Rule 1925(b) statement. *See* PA.R.A.P. 1925(b)(4)(vii), 2119.

A.3d 1267, 1280 (Pa. 2020) (citations omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **_Commonwealth v. Valentine_**, 928 A.2d 346, 348 (Pa. Super. 2007) (citations omitted). "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.'" **_Id._** (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials[7] with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

---

[7] Section 9545(b)(4) states that the term "government officials" does not include "defense counsel, whether appointed or retained." 42 Pa.C.S. § 9545(b)(4).

To invoke one of these exceptions, a petitioner must comply with Section 9545(b)(2), which requires the filing of a petition within a specific time from the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2).[8] It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citation and quotation marks omitted).

Instantly, we agree with the PCRA court that Appellant's first PCRA petition in this matter was facially untimely and that he did not establish a timeliness exception. Appellant's judgment of sentence became final on May 4, 2016, and he filed the instant petition in June 2019, more than two years after the deadline for filing a facially timely PCRA petition. Further, Appellant's apparent reliance on **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000),[9] is misplaced. Under **Lark**, Appellant could not file a **second** PCRA petition in Dockets 3736 and 3737 of 2015 while his appeal in those matters was pending. **See Lark**, 746 A.2d at 588 (noting that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of

---

[8] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, and extended the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act of Oct. 24, 2018, P.L. 894, No. 146, § 3.

[9] The Pennsylvania Supreme Court overruled **Lark** on other grounds in **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020), which abrogated the "public records presumption" for purposes of the newly discovered facts exception. **See Small**, 238 A.3d at 1281-86, 1286 n. 12.

the time for seeking such review"). However, Appellant's PCRA appeal in those cases did not preclude him from filing a first PCRA petition in the present case, Docket 366 of 2015, or otherwise excuse the untimeliness of the instant petition.

Accordingly, finding no error or abuse of discretion in the PCRA court's ruling, we affirm the order dismissing Appellant's petition.[10] **See Lawson**, 90 A.3d at 4.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021

---

[10] Because we agree with the PCRA court that Appellant's petition was untimely, we need not consider the merits of Appellant's substantive arguments in this appeal.